UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALPHONSO EDDY,<br>    Petitioner,<br><br>v.<br><br>MCI NORFOLK SUPERINTENDENT<br>GARY RODEN,<br>    Respondent. | CIVIL ACTION NO. 11-11222-RWZ |

MEMORANDUM AND ORDER

ZOBEL, D.J.

On July 5, 2011, Petitioner Alphonso C. Eddy ("Eddy"), a prisoner in custody at MCI Norfolk, filed his self-prepared petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2006 conviction for rape and indecent assault and battery on a person 14 or over. Eddy alleges due process violations during his criminal trial, contending that the prosecution's closing argument contained critical misstatements about the testimony, DNA evidence, and the credibility of Eddy and his witnesses. He also claims the trial court erred in instructing the jurors regarding lesser included offenses.

Along with the petition, Eddy filed a Motion for Leave to Proceed *in forma pauperis* (Docket No. 2), and a Motion for Appointment of Counsel (Docket No. 3).

DISCUSSION

I.   The Motion for Leave to Proceed *In Forma Pauperis*

Eddy's financial disclosures reveal that his sister sent him $150.00, and she tries to help him when she can, so that he can buy necessities. His prison account statement reveals that he has $121.44 in his prison account. In light of this, this Court finds that Eddy has sufficient funds to pay the modest $5.00 filing fee for this action,

notwithstanding that he may prefer to use the money for other things.

Accordingly, Eddy's Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) is DENIED without prejudice. If he wishes to proceed with this action, he shall pay the $5.00 filing fee within 21 days of the date of this Memorandum and Order, failing which, this action may be dismissed.

II.   The Motion for Appointment of Counsel

Eddy seeks appointment of counsel because he is indigent and unable to retain his own counsel and he cannot adequately prepare legal arguments in support of his petition. Attached to his motion is an Affidavit of Anthony Martin, a co-inmate acting on Eddy's behalf. He claims that Eddy is unskilled in the law, and is presently on medication for an undisclosed psychological disorder, which restricts his daily living and ability to concentrate on tasks.

Title 18 U.S.C. § 3006A(2)(B) authorizes the appointment of counsel for an indigent party in cases seeking relief under 28 U.S.C. § 2241, § 2254, or § 2255. Appointment of counsel may be provided if the Court determines the "interests of justice so require." 18 U.S.C. § 3006A(2)(B). The decision to appoint counsel is discretionary, and neither a civil litigant nor a habeas petitioner has a constitutional or statutory right to appointed counsel. Dellenbach v. Hanks, 76 F.3d 820, 823 (7th Cir. 1996), cert. denied, 519 U.S. 894 (1996); Jackson v. Coalter, 337 F.3d 74 (1st Cir. 2003) (state prisoner had no right to counsel to collaterally attack sentence).

Here, while Eddy may be unable to afford to retain counsel, and while he is unskilled in the law, these circumstances are not unique to habeas petitioners. In short, at this juncture, it is premature to determine that it is in the interest of justice to appoint

2

counsel under § 3006A, particularly where the petition does not involve novel or complex issues of law or fact.  Moreover, absent a response from the Respondent, it is not apparent that the merits of his petition warrant the appointment of counsel.

For these reasons, Eddy's Motion for Appointment of Counsel (Docket No. 3) is <u>DENIED</u> without prejudice to renew <u>after</u> the Respondent has filed a responsive pleading, and upon good cause shown why appointment of counsel is in the interests of justice.

## <u>CONCLUSION</u>

Based on the foregoing, it is hereby Ordered that:

1. Petitioner's Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) is <u>DENIED</u>.  Within 21 days of the date of this Memorandum and Order, Petitioner shall pay the $5.00 filing fee for this action, failing which this action may be dismissed; and

2. Petitioner's Motion for Appointment of Counsel (Docket No. 3) is <u>DENIED</u>.


SO ORDERED.

                                          <u>/s/ Rya W. Zobel</u>
                                          RYA W. ZOBEL
                                          UNITED STATES DISTRICT JUDGE

DATED: July 15, 2011