UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-11222-RWZ

ALPHONSO C. EDDY,

v.

GARY RODEN,

MEMORANDUM OF DECISION

September 30, 2014

ZOBEL, D.J.

## I. Facts

Petitioner Alphonso Eddy was convicted in 2006 of rape, indecent assault and battery of a person over 14, and assault and battery. He contends that this conviction was obtained in violation of his rights under the Due Process Clause of the United States Constitituion due to flaws in the prosecutor's closing argument and in the trial judge's jury instructions. Petitioner failed to object to either of these alleged errors at trial, and his subsequent appeal was therefore denied under Massachusetts' "substantial risk of a miscarriage of justice" standard.

## II. Analysis

Petitioner's claim is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. Under AEDPA, a federal court may grant relief to

a state prisoner if the state court's adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)."

"Federal habeas review of a particular claim is [however] precluded in circumstances in which a state prisoner has defaulted on that claim in state court by virtue of an independent and adequate state procedural rule." Janosky v. St. Amand, 594 F.3d 39, 44 (1st Cir. 2010) (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)). Because an adequate and independent state law ground precludes subject matter jurisdiction to the federal court, it must be addressed at the outset. Lambrix v. Singletary, 520 U.S. 518, 523-24 (1997).

Here, "[n]one of the errors claimed on appeal were brought to the [trial] judge's attention" and were therefore reviewed under the "substantial risk of a miscarriage of justice standard." Commonwealth v. Eddy, 73 Mass. App. Ct. 1121, 2009 WL 348298 at *1 (2009), cert. denied 456 Mass. 1104 (2010). Application of miscarriage of justice review does not effect a waiver of the underlying default, but is the "classic example of an independent and adequate state ground." Simpson v. Matesanz, 175 F.3d 200, 207 (1st Cir. 1999). It will rule out federal habeas review unless petitioner shows cause for the default or demonstrates a fundamental miscarriage of justice.

Absent a claim of actual innocence, a prior procedural default bars habeas relief "unless the habeas petitioner can demonstrate cause for the default and actual prejudice." Janosky, 594 F.3d at 44 "[T]he Massachusetts requirement for contemporaneous

2

objections is an independent and adequate state procedural ground, firmly established in the state's jurisprudence and regularly followed in its courts." Id.

"Here, we start—and end—with cause." Burks v. Dubois, 55 F.3d 712, 716 (1st Cir. 1995). "Mere attorney error, not amounting to ineffective assistance in a constitutionally significant sense, is insufficient to constitute cause." Id. Petitioner pled no facts to show the effect of counsel's alleged error, nor does he even allege that his trial representation was constitutionally deficient. Given these pleading defects, he does not show "cause" for his procedural default, nor demonstrate a miscarriage of justice. This court, therefore, lacks jurisdiction to hear his petition.

## III. Conclusion

The petition is therefore DISMISSED for lack of subject matter jurisdiction.

Judgment may be entered accordingly.

|  |  |
|---|---|
| September 30, 2014 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |